[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14323
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00019-DHB-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DANIEL MAGNESS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 16, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

David Daniel Magness, a federal prisoner who pled guilty to two counts of

wire fraud in violation of 18 U.S.C. § 1343, appeals his 48-month total sentence.

On appeal, Magness argues that: (1) the district court's imposition of an above-guideline sentence pursuant to 18 U.S.C. § 3553(a) was substantively unreasonable; and (2) the district court violated Fed. R. Crim. P. 32(h) by considering Magness's criminal history as a basis for departure without giving the parties prior notice.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  When a party did not raise a sentencing issue before the district court, we will review under the plain error standard.  United States v. Lange, 862 F.3d 1290, 1293 (11th Cir.), cert. denied, 138 S. Ct. 488 (2017).  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

First, we are unconvinced by Magness's claim that his 48-month total sentence was substantively unreasonable.  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting

2

Gall v. United States, 552 U.S. 38, 51 (2007)).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  A sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  Pugh, 515 F.3d at 1191-92.  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Id. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will vacate a sentence only if we "are left with the definite and firm

---

[1]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation omitted).

If the court varied from the guideline range after weighing the § 3553(a) factors, we "may not presume that [the] sentence . . . is unreasonable and must give due deference to the district court's decision . . . ." United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted). In addition, we may take the degree of variance into account and consider the extent of a deviation from the guidelines. Gall, 552 U.S. at 47. A major variance should be supported by a more significant justification than a minor variance, and the justification must be sufficiently compelling to support the degree of the variance. Id. at 50. However, there is no rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence. Id. at 47.

A district court is not required to ignore what it has learned from similar cases over the years. United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well

below the statutory maximum).    The district court may, in determining a reasonable sentence, consider facts that have already been taken into account in calculating the guideline range.  United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008).  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Magness has not shown that his sentence was substantively unreasonable. According to the presentence investigation report ("PSI"), which was adopted by the court without objection, Magness was employed as the parts department manager for an automobile dealership when he secretly used his employer's account to purchase winches and other items over a three-year period.  Magness then sold the items on his personal eBay account and retained all of the profits. Magness was held responsible for the total monetary loss to the dealership of $389,718.00 for 378 winches, and an unknown quantity of other items.  The district court sentenced Magness to 48 months' imprisonment, which was a variance of 15 months above the high end of the 27-33 month guideline range.

Even assuming the district court's sentence included a "major" variance requiring a more significant justification, the record reveals that the court relied upon reasons sufficiently compelling to justify the variance.  Gall, 552 U.S. at 50. For starters, the court considered Magness's history and personal characteristics, and determined that his age (46 years old) and his earlier "scrapes" with the law

indicated that he should have known better.  In addition, Magness had been charged with and convicted of similar crimes involving theft from his employers, but none of these other crimes were reflected in the advisory guideline range. Meanwhile, the court considered and was "duly sympathetic" to Magness's mitigating factors -- including his medical and living expenses -- and was within its discretion to assign those factors minimal weight.

The court also discussed the nature and circumstances of Magness's offense, and how they warranted an increased sentence.  Relying on the PSI, the court reasonably concluded that the guideline range, which was based on a loss amount of $389,718.00, did not properly account for the full loss amount.  Further, even if the full loss amount had already been factored into the guideline range, the court could have properly considered that amount in determining a reasonable sentence. Williams, 526 F.3d at 1324.  The court also found that Magness was not forthcoming in providing an accounting of what he bought and sold and where his profits went.  Due to the amount of money taken, all of which was gone, and Magness's unwillingness to provide an accounting, it was reasonable for the court to doubt Magness's assertion that all of the profits from his crimes went to household expenses and bills.  The court, properly relying on its prior experience, also determined that it was unlikely that Magness would pay full restitution to his victims, and that Magness would likely be rewarded with a tax-free windfall from

6

his crimes.  See Shaw, 560 F.3d at 1238.  The court's determination was reasonable, since the PSI reported that Magness currently has no assets.  And although Magness's victim was able to recover a portion of its losses through its insurer, it still had over $100,000 in losses from Magness's crimes.

The record also reflects that the 48-month total sentence was well below the statutory maximum of 20 years' on each offense, another indicator of reasonableness.  As for Magness's claim that United States v. Valnor, 451 F.3d 744 (11th Cir. 2006), is distinguishable, we've applied its holding -- that the disparity between the sentence imposed and the statutory maximum sentence is an indicator of reasonableness -- in a wide range of cases, not just national security ones.  See, e.g., Gonzalez, 550 F.3d at 1324.  For these reasons, the district court did not abuse its discretion in imposing Magness's above-guideline sentence because it provided sufficiently compelling reasons to support it.

We are also unpersuaded by Magness's claim that the district court violated Fed. R. Crim. P. 32(h) by considering Magness's criminal history as a basis for departure without giving the parties prior notice.  Fed. R. Crim. P. 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.

Id.  Rule 32(h)'s notice requirement does not apply to variances from the guideline range.  United States v. Irizarry, 553 U.S. 708, 714 (2008).  The term "departure"

7

in Rule 32(h) is a term of art referring to non-guidelines sentences under the framework set out in the guidelines.  Id.

Here, we need not address this issue as it was raised for the first time in Magness's reply brief.  But even if we were to consider it under plain error review, the district court did not err, much less plainly err, because it did not violate Fed. R. Crim. P. 32(h).  It is true that the court considered Magness's criminal history as a relevant factor under § 3553(a).  However, because the court imposed its above-guidelines sentence as an upward variance pursuant to § 3553(a), Rule 32(h) -- which applies only to departures -- was inapplicable.  Irizarry, 553 U.S. at 714.  As a result, the district court was not required to provide any notice to the parties prior to considering Magness's criminal history as a relevant factor for a variance.  Id.

**AFFIRMED**.

8